## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUIS C. PEACH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 09-450-GPM** |
| | ) | |
| LABORERS' INTERNATIONAL UNION | ) | |
| OF NORTH AMERICA, TERRANCE | ) | |
| O'SULLIVAN, MICHAEL BEARSE, and | ) | |
| ROBERT LUSKIN, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff filed this case on June 12, 2009.  The filing, construed as a complaint, is entitled "Motion for a Hearing Under Rule 60b(6) and (d)3, Relief From a Judgement [sic] or Order <u>Fraud on the Court</u> by Department of Justice and LIUNA" (Doc. 1).  Plaintiff appears to be seeking relief from orders entered in five federal district court cases filed in the Northern District of California, the District of Columbia, and the Northern District of Illinois.  In fact, Plaintiff attaches a letter that he allegedly sent to Judge James B. Zagel, who was assigned to all three of the cases filed in the Northern District of Illinois.  The letter is from the Department of Labor, Office of Labor-Management Standards, to General President Terence M. O'Sullivan, Laborers' International Union of North America (LIUNA), and concerns reporting requirements under the Labor-Management Reporting and Disclosure Act (LMRDA).  Because of his consistent reference to the previously filed cases – specifically those filed in the Northern District of Illinois – Plaintiff does not appear to be

asserting his own claim for violations of the LMRDA. *See* 29 U.S.C. § 412 (governing civil actions for infringement of LMRDA rights). Rather, it appears that he wants this Court to revisit orders issued by those courts. Plaintiff complains that he was denied his right "to file an amicus curiae brief in this matter" (Doc. 1 at ¶ 19); but it is not clear to which matter he is referring. Plaintiff's prayer for relief states:

> I PRAY that this court will grant Plaintiff a hearing in this matter of FRAUD ON THE COURT and/or vacate the findings and orders and immediately appoint a Trustees [sic] over the union until it elects all officers of the Union down to the Local Level. Not allowing any now elected official run for office for 5 years due to the conspiracy. Oversee the MEMBERS ADOPTION OF A CONSTITUTION CONSISTENT WITH THE LMRDA. The General Executive Board and its appointee <u>pay back</u> all salaries and expenses paid them while they held office illegally and give up all rights to their pension from the International. That the Department of Justice returns at least 28 million dollars back to LIUNAs Membership. Luskin Cartel pay back over 12 million. And whatever else this court sees fit.

(Doc. 1 at pp. 5-6.) Plaintiff seeks leave to proceed in this Court *in forma pauperis* and has filed a supporting declaration (Doc. 2).

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As used in the *in forma pauperis* statute, the

"term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. This provision, which currently is part of the Prison Litigation Reform Act, applies not only to cases brought by prisoners, but to cases brought by all indigent litigants. *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). The statute

> is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327. Where frivolous allegations cannot be remedied through more specific pleading, a court may dismiss them with prejudice. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Gladney*, 302 F.3d at 775 ("a suit dismissed on the ground that it is frivolous normally cannot be refiled"); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam) (recognizing that the Supreme Court, in *Denton*, noted the possibility that dismissals under the *in forma pauperis* statute on the ground of frivolousness could be with prejudice).

Plaintiff's contention that "THE MOB took over control of LIUNA" (Doc. 1 at ¶ 8) is not as absurd as it first seems. *Cf. Neitzke*, 490 U.S. at 327-28 (where claims described "fantastic or delusional scenarios"); *Gladney*, 302 F.3d at 774 (where allegations were "so nutty ('delusional' is the polite word) that they're unbelievable"). In affirming Judge Zagel's order granting summary judgment to LIUNA and other defendants in the Northern District of Illinois cases, the Seventh Circuit Court of Appeals' opinion begins:

> The Department of Justice believes that the Laborers' International Union of North America has been infiltrated by mobsters. In November 1994 the Organized Crime

and Racketeering Section of the Department's Criminal Division sent the Union a proposed complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). The Department threatened to file this complaint unless the Union swiftly made internal changes to curtail the influence of organized crime.

*Serpico v. Laborers' Int'l Union of N. Am.*, 97 F.3d 995, 996-97 (7th Cir. 1996). Plaintiff's motion/complaint references "the Draft Complaint which was presented to this Court" (Doc. 1 at ¶ 3); the best this Court can surmise, the "Draft Complaint" referenced by Plaintiff is that drafted by the Justice Department, and his reference to "this Court" is intended to be the Northern District of Illinois.

Plaintiff cites Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) as grounds for the relief sought. Under Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) *any other reason that justifies relief.*

FED. R. CIV. P. 60(b) (emphasis added). Motions based on fraud under Rule 60(b)(3) are subject to the strict one-year time limit set by Rule 60(c). Motions made under Rule 60(b)(6), however, must be brought within a reasonable time.

Rule 60(d) explains that Rule 60 "does not limit the court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. 1655 to a defendant who was not personally notified of the action; or (3) set aside a

judgment for *fraud on the court*." FED. R. CIV. P. 60(d) (emphasis added).  An action based on fraud on the court may be brought at any time, "but if it is just fraud on an opposing party, the motion must be made within a year after the judgment sought to be vacated becomes final."  *Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003).  For these purposes, the term "fraud on the court" "refers to conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record."  *Oxxford Clothes XX, Inc. v. Expeditors Internat'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997).

The normal procedure for attacking a judgment is by motion in the court that rendered the judgment. 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2868, at p. 404 (2d ed. 1995).  Denial of relief in the original court under Rule 60(b) bars an independent equitable action in another court.  *Id*. at p. 404-05.  Where an independent action for relief from a judgment is brought in a court other than the one that rendered judgment, independent grounds of subject matter jurisdiction are needed.  *Id*. at p. 403-04, *citing Carney v. United States*, 462 F.2d 1142 (Ct. Cl. 1972); *Block v. Block*, 196 F.2d 930, 932 (7th Cir. 1952).  Where a judgment has been affirmed on appeal, leave of the appellate court is required before a district court may entertain an action attacking the judgment.  11 Charles Alan Wright et al. § 2868, at p. 402, *citing Geuder, Paeschke & Frey Co. v. Clark*, 288 F.2d 1, 3-4 (7th Cir. 1961).  Relief may be obtained by means of an independent action only to prevent a grave miscarriage of justice.  11 Charles Alan Wright et al. § 2868, at p. 183 (2009 Pocket Part), *citing United States v. Beggerly*, 524 U.S. 38, 45 (1998).

All of this assumes that the party seeking to attack the judgment was a party to the case in which the judgment was rendered.  Plaintiff was not named as a party to any of the cases, although several of the cases were brought either by union locals or by individuals as union members and

officers.  The three Northern District of Illinois cases were consolidated on appeal and, as indicated above, the district court's finding that LIUNA did not violate the LMRDA was affirmed.  *See Serpico*, 97 F.3d 995.  This Court is unaware of any authority by which it could set aside these decisions. Consequently, Plaintiff's complaint is legally frivolous because this Court cannot provide the relief sought by Plaintiff – i.e., this Court cannot undo the orders issued by other courts and, more specifically, the opinion issued by the Seventh Circuit Court of Appeals in 1996.[1]

As there is no legal basis for Plaintiff's claims, the motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  02/09/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1]This is not unfamiliar territory for the Seventh Circuit Court of Appeals, which affirmed John Serpico's eventual criminal conviction related to his abuse of various influential positions with the Central States Joint Board, a labor organization that provides support to its member unions.  *See United States v. Serpico*, 320 F.3d 691 (7th Cir. 2003).